IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-80102-CR-ROSENBERTG/HOPKINS

UNITED STATE OF AMERICA,

    Plaintiff,

v.

MICHAEL BROWN

    Defendants.

_____/

## OMNIBUS MOTION IN LIMINE

Defendant MICHAEL BROWN, by and through undersigned counsel, hereby moves in limine (1) to exclude portions of Phillip Antico's FBI interviews that mention Brown and (2) to exclude evidence relating to his actions after August 20, 2014. Brown also hereby notifies the Court regarding his position on other pretrial motions in limine.

    *1. The Court Should Exclude References to Brown in Antico's FBI Interview*

Brown moves in limine to exclude portions of Phillip Antico's FBI interviews that mention Brown. As part of the investigation in this matter, the FBI interviewed Phillip Antico on two occasions – February 19, 2015, and April 2, 2015. Count Six of the Indictment alleges that Antico made false and misleading statements to the FBI during the interview on February 19, 2015. The Government has indicated that it intends to offer the videotape and a transcript of the February 19, 2015 interview as evidence at trial. During the interview, Antico makes several statements about Brown, including (1) that Brown is an aggressive officer, (2) that Brown and Antico watched the PBSO helicopter video together on or about August 27, 2014, (3) that Brown

made specific comments to Antico about what was seen on the PBSO helicopter video and (4) that Brown acknowledged that he may have violated Boynton Beach Police Department policy when he used his police vehicle to strike the fleeing vehicle.  The Court should exclude these statements.

 First, Antico's statements are hearsay as to Brown.  Fed. R. Evid. 801(c).  They are out-of-court statements being offered for the truth of the matter asserted.  As such, they are not admissible evidence against Brown.

 Second, even if they are not hearsay, the statements are testimonial, so their admission would violate Brown's rights under the Confrontation Clause of the 6th Amendment. See *Crawford* v.*Washington*, 541 U. S. 36 (2004)(the Confrontation Clause applies to out-of-court statements that are "testimonial"); *Davis* v. *Washington*, 547 U.S. 813, (2006)(same).

> Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.

*Davis*, 547 U.S. at 822.  Antico was interviewed six months after the incident under investigation. There was no ongoing emergency.  The sole purpose of the questioning was to develop evidence about the events of August 2014 that could potentially be used in a later prosecution.  It would violate Brown's rights under the Confrontation Clause to allow the Government to introduce the portions of Antico's statements that refer to Brown.

Third, to the extent the Government is permitted to argue that Brown's actions violated internal police policies, admitting Brown's alleged admission to Antico would independently violate Brown's Confrontation Clause rights under *Bruton v. United States,* 391 U.S. 123 (1968).[1] It would, in essence, constitute an alleged admission of wrongdoing by Brown, without giving Brown the opportunity to cross-examine the declarant.

Undersigned counsel has been consulting with counsel for the Government about possible redactions that could resolve the issue presented. No resolution has been reached, yet.

2. *The Court Should Exclude Evidence Related to Brown's August 27, 2014 Report*

The Court should exclude any evidence related to changes to Brown's police report that occurred after August 20, 2017. Any such evidence is irrelevant. *See* Fed. R. Evid. 401. Count Two alleges that on August 20, 2014, Brown knowingly submitted a police report that omitted certain information, and that he did so with the intent to impede, obstruct, and influence a contemplated investigation. On August 27, 2014, Brown revised his report. There are no charges in the Indictment related to the revised report. Count Two turns solely on Brown's actions and state of mind on August 20, 2014. Subsequent events therefore are irrelevant to Count Two and should be excluded. Counsel for the Government advised undersigned counsel that the Government opposes this relief.

3. *Other Pretrial Evidentiary Issues*

By Order dated August 28, 2017, at Docket Entry 48, the Court directed the parties to file any motions in limine no later than September 5, 2017. In an email dated August 30, 2017, Government counsel informed defense counsel that the Government intended to move in limine

---

[1] By separate pleading, Brown adopts co-defendant Justin Harris' Motion in Limine to preclude the Government from introducing evidence that Brown's actions violated Boynton Beach Police Department policies. *See* Docket Entry 52.

(1) to exclude the disciplinary file of potential Government witness Officer Patrick Monteith, (2) to exclude Antico's April 2, 2015, statement, (3) to introduce testimony by Officer Monteith as inextricably intertwined with the conduct alleged in Count One, (4) to exclude portions of Jeffrey Braswell's criminal history, and (5) to exclude evidence of Defendants' good character. Undersigned counsel advised Government counsel that Brown opposes the relief identified in the Government's August 30, 2017, email. Brown had intended to file his own motions in limine relating to several of these topics. Rather than have simultaneous cross-motions relating to the same issue, Brown will allow the Government to file its motions first and will then respond within the time period set by the Court.

Dated: September 5, 2017                 Respectfully submitted,

/s/ Bruce Reinhart_____
BRUCE E. REINHART, PA
Florida Bar No. 10762
breinhart@brucereinhartlaw.com
Attorney for Defendant Michael Brown
250 S. Australian Avenue, Suite 1400
West Palm Beach, Florida 33401
Telephone: 561-429-8401

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 5, 2017, the foregoing Motion In Limine was electronically filed with the Clerk of the Court and served on all counsel of record using the CM/ECF system.

/s/ Bruce E. Reinhart_____
BRUCE E. REINHART
Florida Bar No. 10762