IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 17-CR-80102-RLR

UNITED STATES OF AMERICA

       Plaintiff,
  -vs-

PHILIP N. ANTICO,
       Defendant.
_____/

### RESPONSE TO GOVERNMENT'S MOTION IN LIMINE [DOCKET ENTRY 54]

COMES NOW defendant PHILIP ANTICO, through counsel, and files this response to the Government's Motion in Limine, filed at Docket Entry 54. The Court should deny the Government's request to prohibit ANTICO from referencing the statement of April 2, 2015 voluntarily given to the Government in it's investigation of the mater at issue. The February 19, 2015 and April 2, 2015 statements were a continuous course of interrogation. There is a clear connection between the two statements. To not require the two statements to be played in totality would leave allow the Government to place ANTICO'S statements out of context. Federal Rue of Evidence 106 provides, "If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at the time, of any other part – or any other writing or recorded statement – *that in fairness out to be considered at the same time*,"

The Government fails to be candid with the Court in it's representation of the four hour statement given on February 19, 2015. Throughout the interview ANTICO makes it clear that he cannot remember much of what he is being questioned about and would need to either review documents or other materials in order to more specifically answer questions being posed to him. Despite his memory issues, it had been six months since the August 20, 2014 incident, he made his

best effort to cooperate and answer the questions being asked. Even in the closing moments of the interview he makes it clear that he would need to look back at reports to see if he had rejected any reports, what reports we approved before and after a PBSO video was viewed as well as matters raised by the agents. His memory was so poor as to the events that occurred at the Boynton Beach Police Department after August 20, 2014 that he did not recall that he had taken off the day after the incident to go on vacation with his wife to celebrate their anniversary. This issue becomes central to the interview on the topic of when, where and with whom the PBSO video was viewed as well as why there was a week delay from the supplemental reports that were in progress and the subsequent approval.

The Government states that ANTICO did not return or contact the agents on his own but had to be requested by the agents to be re-interviewed on April 2, 2015; however, he was specifically told by the agents not to worry about looking back at reports to clarify his answers of February 19, 2015. The April 2, 2015 interview is essentially a continuation of the February 19, 2015 interview but now 7 ½ months removed from the incident. The interview begins with the use of a calendar and confirmation of ANTICO'S schedule and vacation after the august 20, 2014 date. While it is clear that ANTICO still has issues in recollecting all the details of who, what, when and where the audit trail's availability shows, not that ANTICO is fabricating explanations, but  is able to clarify how and why reports were rejected as well as the manner in which that would occur.  If, and counsel stresses if, there are contradictions from one part of the interview to the other it is to be expected when both the interviewee and the interviewer now had more information before them in attempting to refresh memories and clarify answers.

The two statements are inextricably intertwined.  The Rule of Completeness requires the jury must be permitted to understand that there were two parts to the interview and how

the information and techniques changed from one part to the next as well as how it affected the answers given when more material was available to review.  Each statement requires the other to provide context.  To do otherwise would cause distortion or misrepresentation of the speaker's meaning.  U.S. v. Castro-Cabrera, 534 F.Supp.2d 1156, 1160 (C.D CA. 2008).  "[T]he district court must "exercise 'reasonable control' over witness interrogation and presentation of evidence to make them effective vehicles 'for ascertainment of the truth.'" U.S. v. Pacquette, 557 Fed.Appx.993, 936 (111cir. 2014).  Both Counts Five and Six have "knowingly" and "intent" elements and the April 2, 2015 portion of the interview is necessary to clarify and explain the first part of the interview on February 19, 2015.  Id at 937.  To disallow reference to the April 2, 2015 would allow the Government to play a shell game with the evidence and mischaracterize the totality of ANTICO'S statement.

WHEREFORE defendant PHILIP ANTICO request this Court deny the Government's Motion in LImine.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this response was served by ECF on the Susan Osborne, AUSA; Donald Tunage, AUSA; Bruce Reinhart for Michael Brown; Robert Adler for Ronald Ryan; Jonathan Wasserman for Justin Harris this 13th day of September. 2017 in West Palm Beach, Florida.

Respectfully Submitted,

/s/ *Gregg s. Lerman*

GREGG S. LERMAN, ESQ
FL Bar No. 510963
330 Clematis St., Suite 209
West Palm Beach, FL  33401
Tel.: (561)832-5770
Email:  GSLermanLaw@gmail.com