IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-80102-CR-ROSENBERG/HOPKINS

UNITED STATE OF AMERICA,

 Plaintiff,

v.

MICHAEL BROWN

 Defendants.

_____/

## SECOND MOTION IN LIMINE

Defendant MICHAEL BROWN, by and through undersigned counsel, hereby moves to preclude any evidence that Brown allegedly kicked the driver of the vehicle. Prior to filing his Omnibus Motion In Limine (Docket Entry 53, renewed as Docket Entry 92), Brown was informed by Government counsel that the Government intended to file a Motion in Limine to admit testimony by Officer Patrick Monteith that he saw Brown kick the driver; the Government indicated that its theory of admissibility was that this uncharged conduct was "inextricably intertwined" with the charges against Brown. *See* Docket Entry 53 at 3-4. Brown therefore did not address this issue in his Omnibus Motion because he expected the Government to raise it in the first instance. The Government's Motion in Limine, Docket Entry 54, discussed the alleged uncharged act in its factual summary, but did not raise the issue of the admissibility of that evidence. On October 18, 2017, the Government advised undersigned counsel that it now intends

to call Officer Patrick Monteith at trial to testify to the uncharged conduct. The Court should exclude the evidence.

This case arises from the Boynton Beach Police Department's efforts to apprehend three individuals after a high-speed chase that included an officer being struck by the fleeing suspects. Brown is charged in a Superseding Indictment. Count One alleges that Brown used excessive force against J.B., who was the passenger in the fleeing vehicle. Brown is charged in Count Two with using and carrying a firearm during the offense alleged in Count One. Count Three alleges that Brown created a police document on August 20, 2017, that failed to disclose three facts: that he used his patrol car to strike the fleeing vehicle, that he kicked J.B., and that he punched J.B. while holding his service firearm in his hand. Count Six alleges that Brown created a police document on August 27, 2017, that failed to disclose two facts: that Brown kicked J.B and punched J.B. while holding his service firearm in his hand. The Superseding Indictment was returned on October 5, 2017. As relevant to Brown, the new indictment added Counts Two and Six, and amended Counts One and Three. None of the allegations in the original Indictment or the Superseding Indictment relate to the driver of the vehicle.

Prior to the return of the Superseding Indictment, the Court held a status conference on September 18, 2017, at which the parties discussed the impending additional charges and their effect on the trial date. Counsel for Brown expressed concern that the new charges would expand the case to include allegations that Brown used excessive force against the driver of the fleeing vehicle:

> MR. REINHART: My point is this, I need to know more about what the essence is of their false report count, but I think they are injecting a whole new factual scenario

in the case which is not in the case now or none of us prepared for. This is an interaction between the Defendants and passenger in the vehicle. That is what we are prepared for, the case involving use of force against the passenger. If I understand from a brief conversation with Ms. Osborne, the new count is going to involve Mr. Brown's report and Sergeant Antico's review of the report as to the driver of the vehicle. Now we have new factual issues, new argument, new legal issues, it is a significant shift in the scope of the trial and focus of the trial. Again, we have spent from whenever the case was indicted back in the spring getting ready –

THE COURT: June.

MR. REINHART: We are going full speed ahead, we didn't want to waive speedy trial in the first place, but we had to for discovery reasons. These gentlemen have had this hanging over their head for three years, they are on leave with pay –

THE COURT: Leave with or without pay?

MR. REINHART: With pay. They can't work overtime or ancillary duties, so there is a financial hardship. They want to get this resolved, and we focused on the case in front of us. The superseding indictment injects a significant change in the sentencing structure, I am sure that is why they are doing it, a significant issue in the case involving the use of a firearm. And now bringing the driver in the case, it affects everything.

THE COURT: The August 27-28 report brings the driver in or the gun?

MR. REINHART: If I understand the Government's theory as to the August 27th report, signed August 27th, if I understand the Government's theory on that, that brings in the driver.

September 18, 2017, Hearing Transcript ("Tr.") at 15-17[1]. Counsel explained that if the Government intended to introduce evidence related to the driver, Counsel would need a continuance of trial after the Superseding Indictment. Tr. at 15-17. The Government represented to the Court that its case would be limited solely to the events related to the passenger:

MR. TUNNAGE: A matter of factual clarification, I would like to clarify a few points that Mr. Reinhart made. All of the charges relate to the passenger. The count

---

[1] An official transcript was prepared and circulated to Brown and the Government on October 20, 2017. That transcript has not yet been filed in the Court docket, yet. Consistent with the Court's Transcript Policy, counsel for Brown is not filing the transcript in the public record, but can provide a copy to the Court upon request.

as charged, August 20, false statement, any conduct that Mr. Brown may have done was required to be written in that report. If Mr. Brown used force against the driver that is something that should have been alleged.  With respect to the superseding indictment, we have not changed the focus of what he misrepresented in the reports nor have we changed with respect to the firearm, that is related to the front seat passenger.  The comments he made about having to address a different victim, that is not true. If somehow in communication he misunderstood, that is not correct. I want to make that clear.

Tr. at 25-26.  After hearing from both parties, the Court noted its understanding that issues related to the driver would not be part of the case:  "One issue has been clarified for Mr. Brown as represented by Mr. Reinhart, it is not the driver, it is still the passenger." Tr. at 32.  Based on the Government's representations on September 18, counsel for Brown agreed that he could be ready for trial on October 30, 2017, which was the date proposed by the Court.

The Court conducted a final pretrial status conference on October 18, 2017.  After that conference concluded, counsel for the Government informed counsel for Brown that the Government now intended to call Officer Monteith to testify that Brown had kicked the driver while the driver was handcuffed – precisely the evidence the Government represented on September 19 that it would not be injecting into the case.

That evidence should be excluded. The Government did not give timely and proper notice under Fed. R. Evid. 404(b) and Local Rule 88.10(h) that it intended to introduce this extrinsic evidence related to the driver.  Local Rule 88.10 (which is incorporated into the Standing Discovery Order, Docket Entry 14) requires, "The government shall advise the defendant(s) of its intention to introduce extrinsic act evidence pursuant to Federal Rule of Evidence 404(b). The government shall provide notice regardless of how it intends to use the extrinsic act evidence at trial, i.e. during its case-in-chief, for impeachment, or for possible rebuttal. *Furthermore, the*

4

*government shall apprise the defense of the general nature of the evidence of the extrinsic acts.*"

(emphasis added).

Rule 404(b) contains the same requirement that the Government's 404(b) notice apprise

the defendant of the kind of evidence that the Government intends to offer under that Rule.  Where

adequate notice has not been given, the evidence must be excluded:

> The amendment to Rule 404(b) adds a pretrial notice requirement in criminal cases and is intended to reduce surprise and promote early resolution on the issue of admissibility. … The Committee considered and rejected a requirement that the notice satisfy the particularity requirements normally required of language used in a charging instrument. *Cf.* Fla. Stat. Ann §90.404 (2)(b) (written disclosure must describe uncharged misconduct with particularity required of an indictment or information). Instead, the Committee opted for a generalized notice provision which requires the prosecution to apprise the defense of the general nature of the evidence of extrinsic acts. … The court in its discretion may, under the facts, decide that the particular request or notice was not reasonable, either because of the lack of timeliness or completeness. Because the notice requirement serves as condition precedent to admissibility of 404(b) evidence, the offered evidence is inadmissible if the court decides that the notice requirement has not been met.

Advisory Committee Notes to 1991 Amendment to Rule 404(b).

The Government's purported 404(b) notice (contained in Paragraph H of its Response to

the Standing Discovery Order) gave no meaningful notice at all, and certainly did not apprise

Brown of the "general nature of the evidence of the extrinsic acts", as required by Local Rule

88.10.  Instead, the totality of the Government's notice was:

> The government will timely advise the Defendants of its intent, if any, to introduce at trial extrinsic act evidence pursuant to F.R.E. 404(b). Pursuant to Local Rule 88.10, the notice will be provided regardless of whether the evidence may be used in the case-in-chief, for impeachment or possible rebuttal, and will include the general nature of the evidence.
>
> You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

DE 40 at 3.   The Government's notice makes no effort to identify the general nature of the evidence that it will seek to introduce.   The documents produced by the Government to the defense are voluminous.   They include files from the Boynton Beach Police Department, the Palm Beach State Attorney, civil litigation relating to the driver, and numerous other sources. To simply say, "Everything we give you is potentially admissible as 404(b) evidence or under some other theory of admissibilty" is not the kind of meaningful notice that the Federal Rules of Evidence or Local Rule 88.10 require.

Moreover, the Government is estopped from introducing this evidence.  The Government affirmatively represented in open court that its case was limited to the passenger. In reliance on this representation, Brown elected not to seek additional time to prepare for trial after the Superseding Indictment, and prepared for trial with the understanding that the Government's evidence would be limited to Brown's interactions with J.B., not the driver.  The Government also elected not to file a motion in limine to admit Officer Monteith's testimony, despite having indicated that such a motion was under consideration, thereby further leading Brown to believe that the Government would not be seeking to introduce this evidence.   The Government should not be permitted to make an 11th hour switch that leaves Brown with no recourse to avoid irreparable prejudice other than to seek a further delay of a speedy trial on the charges against him.

Given that the Government has not given proper 404(b) notice and previously indicated that its theory of admissibility would be that Officer Monteith's testimony was "inextricably intertwined" with the charged conduct, this Motion In Limine will address that theory of admissibility.  Evidence is intrinsic with charged conduct (and therefore not subject to exclusion

under Rule 404(b)) only "if it is evidence (1) of an uncharged offense that arose out of the same transaction or series of transactions as the charged offense; (2) that is necessary to complete the story of the crime; or (3) that is inextricably intertwined with evidence regarding the charged offense." *United States v. Hernandez*, No. 15-10849, slip op. at 13 (11th Cir. 9/15/15)(unpublished) citing *United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007). "[A] temporal nexus is insufficient to render testimony inextricably intertwined." *Hernandez*, No. 15-10849, slip op. at 13. When, as here, the Government frames an indictment as a single-victim crime, "evidence showing a similar modus operandi employed against another victim is not inextricably intertwined with the charges." *Id*. Similarly, if the indictment charges conduct involving a single alleged victim, related conduct against a different alleged victim is not part of the same transaction or series of transactions as the charged offense. *Id*. at 13-14. Uncharged conduct is inextricably intertwined with the evidence regarding the charged offense only if it is an "integral and natural part of the witness's accounts of the circumstances surrounding the offenses for which the defendant was indicted." *United States v. Foster*, 889 F.2d 1049, 1053 (11th Cir.1989)(*quoted and cited in Edouard*, 485 F.3d at 1344). Finally, evidence is intrinsic only if it is necessary to complete the story of the crime.

Monteith's testimony fails to meet the requirements for admissibility of uncharged conduct. The charges against Brown relate solely to a single alleged victim – J.B. Monteith's testimony has nothing to do with Brown's interactions with J.B., so it is not inextricably intertwined, nor is it necessary to complete the story of the crimes charged. The entire narrative

7

of the interactions between Brown and J.B. can be told without reference to Brown's alleged interactions with the driver.

Alternatively, and additionally, Monteith's testimony must be excluded under Federal Rule of Evidence 403. Even assuming the testimony has any probative value to the charges in the Superseding Indictment (which it does not), its admission will unduly prejudice Brown, will confuse the issues in the case, and will create undue waste of time and resources. If this testimony is permitted, it will inject into the case a completely new and collateral episode – the apprehension and arrest of the driver, who received substantial bodily injury from officers not charge in this case. Multiple additional witnesses will be necessary to put that apprehension into context and to attack Monteith's version of events. Moreover, there is substantial risk that the jury will unfairly and improperly conflate the police's interactions with the driver (with which Brown is not charged) with the evidence related to the passenger.

For all these reasons, Officer Monteith's testimony should be excluded.

Dated: October 20, 2017                    Respectfully submitted,

                                           /s/ Bruce Reinhart_____
                                           BRUCE E. REINHART, PA
                                           Florida Bar No. 10762
                                           breinhart@brucereinhartlaw.com
                                           Attorney for Defendant Michael Brown
                                           250 S. Australian Avenue, Suite 1400
                                           West Palm Beach, Florida 33401
                                           Telephone: 561-429-8401

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on October 20, 2017, the foregoing Second Motion In Limine was electronically filed with the Clerk of the Court and served on all counsel of record using the CM/ECF system.

/s/ Bruce E. Reinhart_____
BRUCE E. REINHART
Florida Bar No. 10762