UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-80102-CR-ROSENBERG

UNITED STATES OF AMERICA

v.

MICHAEL C. BROWN,
JUSTIN R. HARRIS, and
RONALD F. RYAN, Jr.,

     Defendants.

_____/

## JURY INSTRUCTIONS

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.  After I've completed these instructions you will go to the jury room and begin your discussions—what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the defendant guilty beyond a reasonable doubt.

**The Duty to Follow Instructions and the Presumption of Innocence**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it—even if you do not agree with the law—and you must follow all of my instructions as a whole.   You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a defendant isn't evidence of guilt. The law presumes each defendant is innocent.   A defendant does not have to prove his or her innocence or produce any evidence at all.   A Defendant does not have to testify, and if a Defendant chose not to testify, you cannot consider that in any way while making your decision. The Government must prove guilt beyond a reasonable doubt.   If it fails to do so, you must find the defendant not guilty.

### Definition of Reasonable Doubt

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all <u>possible</u> doubt.   The Government's proof only has to exclude any "reasonable doubt" concerning a Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs.  If you are convinced that a defendant has been proved guilty beyond a reasonable doubt, say so.  If you are not convinced, say so.

### Consideration of Direct and Circumstantial Evidence;
### Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case.  Evidence includes the testimony of witnesses and the exhibits admitted and any stipulations between the parties.  But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions.  You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact.  There's no legal difference in the weight you may give to either direct or circumstantial evidence.

### Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.   In making that decision you may believe or disbelieve any witness, in whole or in part.  The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

## Note-taking

You've been permitted to take notes during the trial.  Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations.  You must not give your notes priority over your independent recollection of the evidence.  And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

**Instruction Regarding Other Persons**

You are here to determine whether the Government has proven the guilt of the Defendants for the charges in the Superseding Indictment beyond a reasonable doubt. Whether anyone else additionally could or should be prosecuted for this crime is not a proper matter for you to consider.

If the evidence in this case convinces you beyond a reasonable doubt of the guilt of a Defendant for a crime charged in the Superseding Indictment, you should so find. Do not let the possible guilt of others influence your decision in any way.  Of course, if reasonable doubt remains with respect to a Defendant after an impartial consideration of all the evidence in this case, you must find that Defendant not guilty.

**Impeachment of Witnesses Because of Inconsistent Statements**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**Expert Witness**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about that matter.

But that doesn't mean you must accept the witness's opinion.  As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

## Introduction to Offense Instructions

The Superseding Indictment charges six separate crimes, called "counts," against the Defendants. Each count has a number. You will be given a copy of the Superseding Indictment to refer to during your deliberations.

Count One charges that the Defendants committed deprivation of rights under color of law.

Count Two charges that Defendant Brown used a firearm during the commission of a violent crime.

Counts Three and Six charge that Defendant Brown falsified a record in a federal investigation.

Counts Four and Seven charge that Defendant Harris falsified a record in a federal investigation.

Count Five charges that Defendant Ryan falsified a record in a federal investigation.

I will explain the law governing those offenses in a moment.

**Caution: Punishment Multiple Defendants, Multiple Counts**

Each count of the Superseding Indictment charges a separate crime against one or more of the Defendants.  You must consider each crime and the evidence relating to it separately.   And you must consider the case of each Defendant separately and individually.  If you find a Defendant guilty of one crime, that must not affect your verdict for any other crime or any other Defendant.

I caution you that each Defendant is on trial <u>only</u> for the specific crimes charged in the Superseding Indictment. You're here to determine from the evidence in this case whether each Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether a Defendant is guilty.  If you find a Defendant guilty, the punishment is for the Judge alone to decide later.

### On or About; Knowingly; Willfully – Generally

You will see that the Superseding Indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the crime occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his conduct may be violating.

## Violations of Policy

You heard evidence regarding the internal policies of the Boynton Beach Police Department.  I caution you, however, that a mere violation of an internal policy is not by itself sufficient to prove that a Defendant used excessive force or willfully obstructed justice. You may consider this evidence, along with all of the other evidence admitted in the case, in determining whether the Government has met its burden of proving the offenses charged beyond a reasonable doubt.

Whether the Defendant's conduct may have been inconsistent with the policies of the Boynton Beach Police Department is only a factor to consider in determining whether a Defendant committed the crimes charged.  The Defendant is not on trial for violating department policies.

**Count One – Aiding and Abetting**

**Statute – 18 U.S.C. § 2**

It's possible to prove a Defendant guilty of a crime even without evidence that the Defendant personally performed every act charged.

Ordinarily, any act a person can do may be done by directing another person, or "agent." Or it may be done by acting with or under the direction of others.

A Defendant "aids and abets" a person if the Defendant intentionally joins with the person to commit a crime.

A Defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person.  A Defendant is also responsible if the Defendant willfully directs or authorizes the acts of an agent, employee, or other associate.

But finding that a Defendant is criminally responsible for the acts of another person requires proof that the Defendant intentionally associated with or participated in the crime – not just proof that the Defendant was simply present at the scene of a crime or knew about it.

In other words, you must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

**Count One: Elements of 18 U.S.C. § 242**

**Deprivation of Rights Under Color of Law**

It's a Federal crime for anyone acting under color of law to willfully deprive someone else of his rights secured by the Constitution or laws of the United States.

For you to find the Defendants guilty of Counts One of the Superseding Indictment, you must find that the Government has proven the following facts, beyond a reasonable doubt:

First:      That the Defendants acted under color of law;

Second:     That the Defendants deprived the victim, J.B., of rights secured and protected by the Constitution or laws of the United States; in this case, the right to be free from unreasonable seizure by one acting under color of law;

Third:      That the Defendants acted willfully, and,

Fourth:     That the offense resulted in bodily injury to J.B.

**Count One: Deprivation of Rights Under Color of Law**

**First Element - Under Color of Law**

The first element of Count One requires the Government to prove that a Defendant acted under color of law.

A person acts under color of law if he is an official or employee of a state Government and he uses or abuses power he possesses because of his official position. A Government official, such as a police officer, deputy sheriff or corrections officer, acts "under color of law" if he is performing his official duties, even if he misuses or abuses his official authority by doing something the law forbids.

**Count One: Deprivation of Rights Under Color of Law**

**Second Element – Deprivation of a Federal Right**

The second element of Count One requires the Government to prove that the Defendants deprived J.B. of rights secured or protected by the Constitution or laws of the United States. Specifically, the indictment alleges the right at issue is J.B.'s right to be free from unreasonable seizures by someone acting under color of law, which is protected by the United States Constitution, and includes J.B.'s right to be free from the use of excessive force by someone acting under color of law. The United States Constitution guarantees everyone in this country the right to be free from unreasonable seizure by a law enforcement officer. This includes the right to be free from the use of unreasonable physical force during the course of an arrest.

Unreasonable force is thus physical force that exceeds the objective need to use such force. Although a law enforcement officer may use force if there is an objective basis to do so, he may not use more force than is reasonably necessary under the circumstances. For example, a law enforcement officer may use force to further legitimate law enforcement purposes, such as making an arrest, preventing a suspect from fleeing or escaping from custody, or defending himself or another from bodily harm. However, the law enforcement officer may not use more force than is reasonably necessary to accomplish these objectives. An officer may not use force solely to punish, retaliate against, or seek retribution against another person.

To determine whether the Defendants used unreasonable force, you should consider all of the circumstances of the alleged incident from the point of view of a

reasonable officer on the scene, rather than with the 20/20 vision of hindsight. Among the factors you may consider in deciding whether the Defendants used unreasonable force are the severity of the crime at issue, the threat that the suspect posed to the safety of the officers or others, and whether the suspect was actively resisting arrest or attempting to flee at the time the force was used. You should consider what a reasonable officer would have perceived, even if that perception was mistaken.

The fact that a victim may have resisted arrest does not preclude a finding that the officer used excessive force; you may still find that the defendant used unreasonable force even if you determine that the suspect resisted arrest.

If you find that the Defendants used force, or caused force to be used, for the purpose of punishing or harming J.B., rather than for a legitimate law enforcement or institutional purpose, then this element of the offense is satisfied with respect to the count in question.

**Count One: Deprivation of Rights Under Color of Law**

**Third Element - Willfulness**

The third element requires the Government to prove that the defendants acted willfully. As I have previously instructed you, the word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law.  While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his conduct may be violating.

**Count One: Deprivation of Rights Under Color of Law**

**Bodily Injury**

Finally, you must decide whether the Government has proven beyond a reasonable doubt that the offense charged in Count One resulted in bodily injury to J.B.

"Bodily injury" means any injury to the body, no matter how minor or temporary, and it includes any cut, abrasion, bruise, burn, disfigurement, illness, physical pain, or impairment of a bodily member or mental faculty.

**Count Two: Using or Carrying a Firearm During a Violent Crime**

**Statute – 18 U.S.C. § 924(c)(1)(A)**

Count Two alleges that Defendant Brown used and carried a firearm in relation to a crime of violence.

Defendant Brown can be found guilty of this crime only if all the following facts are

proved beyond a reasonable doubt:

(1) That the Defendant committed the violent crime charged in Count One of the Superseding Indictment; and

(2) That during and in relation to that violent crime, the Defendant knowingly used a firearm, as charged in the Superseding Indictment.

A "firearm is any weapon designed to or readily convertible to expel a projectile by the action of an explosive.  The term includes the frame or receiver of any such weapon or any firearm muffler or silencer.

To "use" a firearm means more than a mere possession and more than proximity and accessibility to the firearm.  It requires active employment of the firearm by brandishing or displaying it in some fashion.

To "brandish" a firearm means to show all or part of the firearm to another person, or otherwise make another person aware of the firearm, in order to intimidate that person. The firearm need not be directly visible to the other person.

To "carry" a firearm is to have the firearm on one's person *or* to transport the firearm, such as in a vehicle, from one place to another, while committing the violent crime.

To use and carry a firearm "in relation to" a crime means the firearm had some purpose or effect with respect to the crime, and was not there by accident or coincidence. The firearm must have facilitated, or had the potential of facilitating, the crime.

### Counts Three, Four, Five, Six and Seven – Falsification of a Record
### Statute – 18 U.S.C. § 1519

Counts Three and Six of the Superseding Indictment charges Defendant Michael C. Brown, Count Five of the Superseding Indictment charges Defendant Ronald F. Ryan, Jr., and Counts Four and Seven of the Superseding Indictment charge Defendant Justin R. Harris with violating Title 18, United States Code, Section 1519 by falsifying a record to obstruct the investigation and proper administration of a federal matter.

To establish a violation of Section 1519, as alleged in Counts Three, Four, Five, Six and Seven of the Superseding Indictment, the Government must prove each of the following three elements beyond a reasonable doubt:

First:  That the Defendant knowingly falsified or made a false entry in a record or document;

Second: That the Defendant, acting in relation to or in contemplation of the investigation or proper administration of a matter, intended to impede, obstruct, or influence the investigation or proper administration of that matter; and

Third:  That the matter was within the jurisdiction of an agency of the United States.

**Counts Three, Four, Five, Six and Seven -- False Entry in a Document**

**Element One – Knowingly**

The first element that the Government must prove as to Counts Three through Seven is that a Defendant knowingly falsified or made a false entry in a record or document.

The word "knowingly," as that term is used in the Superseding Indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

A Defendant falsifies a document by knowingly including within the document any untrue statement or representation or by knowingly omitting from the document any material fact.  A "material fact" is an important fact -- not some unimportant or trivial detail -- that has a natural tendency to influence or is capable of influencing a decision of a department or agency in reaching a required decision.

**Counts Three, Four, Five, Six and Seven – False Entry in a Document**
**Element Two – Falsified or False Entry**

The second element the Government must prove is that each Defendant, acting in relation to or in contemplation of the investigation or proper administration of a matter, intended to impede, obstruct, or influence the investigation or proper administration of that matter.

The Government is not required to prove that any matter or investigation was pending or imminent at the time of the Defendant's alleged obstructive acts, but only that the acts were taken in relation to or in contemplation of any such matter, and were intended to impede, obstruct, or influence the investigation or proper administration of that matter.

**Counts Three, Four, Five, Six and Seven – False Entry in a Document**

**Element Three– Federal Jurisdiction**

The third and final element the Government must prove is that the matter the Defendant allegedly sought to obstruct was within the jurisdiction of an agency of the United States.  I hereby instruct you that the Federal Bureau of Investigation, or FBI, is an agency of the United States.

The Government is not required to prove that the Defendant knew that the FBI is an agency of the United States, or that he knew that a federal investigation was underway or would occur in the future.  The Government need not prove that the Defendant knew his falsification of reports would obstruct an ongoing or potential investigation or that the falsification of reports actually succeeded in obstructing or influencing a federal investigation. Nevertheless, the Government must prove that the matter the Defendant allegedly sought to obstruct was, in fact, within the jurisdiction of the FBI.

The Government is required to prove that the Defendant intended to impede, obstruct, or influence some investigation or matter, and that this investigation or matter was within the jurisdiction of an agency of the United States.

**Duty To Deliberate**

Your verdict, whether guilty or not guilty, must be unanimous—in other words, you must all agree.  Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors.  So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**Verdict**

When you get to the jury room, choose one of your members to act as foreperson.  The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room.  When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it.  Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal.  The marshal will bring it to me and I'll respond as promptly as possible— either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.